IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARL DOUGLAS CRICK, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-21-103-SLP |
| DAVID ROGERS, Warden,[1] | ) ) ) |
| Respondent. | ) ) |

**O R D E R**

Petitioner Carl Douglas Crick, Jr., appearing through counsel, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Amanda Maxfield Green, who issued a Report and Recommendation [Doc. No. 18]. Judge Green recommends the Petition be denied. The matter is currently before the Court on Petitioner's timely Objection [Doc. No. 19], which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the R. & R. to which Petitioner makes specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**I.    Background**

In 2018, a jury in Logan County, Oklahoma found Petitioner guilty on two counts of first-degree rape, one count of rape by instrumentation, and three counts of lewd

---

[1] The appropriate respondent in a habeas action is the inmate's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases and Federal Rules of Civil Procedure 25(d) and 81(a)(4), David Rogers—current warden at Petitioner's location of incarceration—is substituted as Respondent.

molestation.[2]   Petitioner appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his judgment and sentence.  After the OCCA denied his petition for rehearing, Petitioner sought habeas relief in this Court, arguing his counsel was constitutionally ineffective for (1) failing to present a defense, and (2) failing to object to improper vouching.  *See* Pet. [Doc. No. 1] at 5.[3]

Judge Green recommends denial of the Petition.  Although Petitioner filed an Objection, it primarily includes text copied directly from his Brief in Support [Doc. No. 10].  *Compare, e.g.,* Pet.'s Br. [Doc. No. 10] at 19–20 *with* Pet.'s Obj. [Doc. No. 19] at 3–4 (reciting verbatim argument about Steven Byers's proposed testimony).  These arguments were previously presented to Judge Green and are necessarily nonresponsive to the R. & R.  They are not proper objections, and the Court declines to consider them.  *See Hooper v. Stitt*, No. CIV-22-988-D, 2023 WL 2432038, at *1 (W.D. Okla. Mar. 9, 2023) ("In his objection, Plaintiff generally ignores Judge Erwin's analysis and repeats, verbatim, many of the arguments previously presented in his complaint. . . . Plaintiff's failure to identify any specific error in Judge Erwin's analysis prevents further review."), *aff'd*, No. 23-6049, 2023 WL 5923920 (10th Cir. Sept. 12, 2023).

## II.  **Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court

---

[2] Petitioner does not object to the R. & R.'s detailed recitation of the facts, so the Court does not repeat them here.

[3] Citations to the parties' briefing references the CM/ECF pagination.

decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quotations and citations omitted). Where, as here, a state court has adjudicated the claim on the merits, this Court may only grant federal habeas relief if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

For AEDPA purposes, "the 'clearly established' phrase refers to the holdings, as opposed to the dicta of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Stevens v. Ortiz*, 465 F.3d 1229, 1237 (10th Cir. 2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state court unreasonably applies "clearly established Supreme Court precedent" if it "'correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case.'"[4] *Id.* at 1235 (quoting *Williams*, 529 U.S. at 407–08). Importantly, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Renico*, 559 U.S. at 773 (quoting *Williams*, 529 U.S. at 410). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision. *Harrington v.*

---

[4] A state court's decision is contrary to clearly established law if it "(1) 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives as a result different from [the Court's] precedent." *Stevens*, 465 F.3d at 1235–36 (quoting *Williams*, 529 U.S. at 406). Petitioner does not seek relief on this basis.

3

*Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

There is no dispute that the clearly established federal law governing Petitioner's ineffective assistance of counsel claim is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). This test requires the petitioner to demonstrate that (1) counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense" such that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687–88, 694. But the federal habeas court's function is not to determine whether counsel's performance satisfies the two *Strickland* prongs. Instead, "[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105. This Court's review of the OCCA's denial of Petitioner's ineffective assistance of counsel claim is therefore "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

### III. Analysis

The first sub-part of Petitioner's ineffective assistance of counsel claim involves his trial counsel's decision not to call any witnesses. On his direct appeal, the OCCA determined Petitioner had not proffered sufficient evidence to warrant an evidentiary hearing—a lower bar than *Strickland's* two-prong test—so his ineffective assistance of counsel claim necessarily failed. *See* OCCA's Summ. Op. [Doc. No. 15-1] at 3–4. Judge

Green analyzed each proposed witness's testimony before concluding the OCCA's denial of this portion of Petitioner's claim was reasonable.

Petitioner first objects to Judge Green's "conclu[sion] that the decision of trial counsel to not call witnesses was a 'strategic decision,'" arguing "there is little evidence to back [this conclusion] up." Pet.'s Obj. [Doc. No. 19] at 11 (quoting R. & R. [Doc. No. 18] at 14). But "[g]enerally, the decision whether to call a witness rests within the sound discretion of trial counsel." *Jackson v. Shanks*, 143 F.3d 1313, 1320 (10th Cir. 1998); *see also Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008) ("[T]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney."). Petitioner provides no rationale for why his counsel's conduct in this case would fall outside of this general presumption.

Instead, Petitioner argues that Judge Green's reliance on counsel's investigation was improper because it "is only beneficial if the evidence found in that investigation is presented to the jury to consider." Pet.'s Obj. [Doc. No. 19] at 12. This argument implies that counsel necessarily provides constitutionally deficient assistance if, at trial, she does not use all evidence gathered during her investigation. Petitioner does not provide any legal authority or develop this argument further. And in any event, this Court must find the OCCA's "application of *Strickland* is reasonable at least so long as fairminded jurists could disagree on the correctness of [its] decision." *Frederick v. Quick*, 79 F.4th 1090, 1106 (10th Cir. 2023) (quotation omitted) (alteration in original). Considering this doubly deferential standard, and for the reasons set forth in the R. & R., Petitioner has not made the requisite showing.

5

As to prejudice, Petitioner objects to the R. & R. on the basis that Judge Green "employ[ed] a divide-and-conquer analysis by analyzing discretely the witnesses that should have been called rather than analyzing whether the aggregate volume of witnesses and testimony met the *Strickland* prejudice test." Pet.'s Obj. [Doc. No. 19] at 12. But Petitioner does not elaborate on this point. Instead, he zeroes in on a single witness as "[a] good example of the failure of the Magistrate to see the forest for the trees." *Id.* at 13. Petitioner objects to Judge Green's conclusion that Robert Dodson's proposed testimony likely would not "have changed the outcome of the trial, in light of the testimony of A.M.C., A.N.C., and S.V. that Petitioner sexually abused them." R. & R. [Doc. No. 18] at 22. But again, he does not engage with the proper query: whether the OCCA unreasonably applied *Strickland* in reaching its decision. The Court has reviewed the proposed testimony of the individual witnesses, as well as the reasons why Judge Green found the testimony to be inadmissible, cumulative, or otherwise unhelpful. Even considering the "aggregate volume of witnesses and testimony," the Court concludes that the OCCA did not unreasonably apply *Strickland*.[5] Pet.'s Obj. [Doc. No. 19] at 12.

---

[5] On direct appeal, the OCCA issued a summary opinion resolving this part of Petitioner's claim. It determined he was not entitled to an evidentiary hearing, "necessarily impl[ying] a conclusion that [he] has not shown a [constitutional] violation" under *Strickland*. OCCA's Summ. Op. [Doc. No. 15-1] at 3. In several instances, Judge Green considers whether the failure to call certain witnesses was deficient or would have prejudiced Petitioner under *Strickland*. *See, e.g.*, R. & R. [Doc. No. 18] at 18 ("[T]he undersigned does not find Mr. Crick's proffered testimony . . . would have changed the outcome of the case . . . ."). The Court is cognizant that its role at this stage is not to conduct a de novo *Strickland* analysis, but to determine whether the OCCA's determination "involved an unreasonable application of[] clearly established Federal law." 28 U.S.C. § 2254(d)(1)-(2). The Court considers Judge Green's analysis of deficiency and prejudice under

6

The second sub-part of Petitioner's ineffective assistance of counsel claim alleges improper vouching on the part of Rozetta Pugh, an investigator with the Oklahoma Department of Human Services and Child Protective Services. At trial, Ms. Pugh testified:

> Q: So other than recommending counseling at that time, did you do anything else with regard to the investigation?
>
> A: I recommend services recommended. When you close out an investigation at Child Protective Services, your options at that time were either services not needed or services recommended or court action. I could not recommend Court action since A.M.C. recanted, but I strongly felt like services needed to be in that home because of the cutting issue and because there were allegations of physical and sexual abuse. **Even though the victim had recanted, I wasn't convinced that that was the truth, so I wanted services to be in that home**.

R. & R. [Doc. No. 18] at 23 (quoting Tr. at 445). On direct appeal before the OCCA, Petitioner relied on *Lawrence v. State*, 796 P.2d 1176, 1177 (Okla. Crim. App. 1990). *See* Pet.'s OCCA Br. [Doc. No. 15-2] at 30. The OCCA found the vouching in *Lawrence* distinguishable from Ms. Pugh's statement, "which explained why a DHS investigator remained skeptical of a child's recantation and recommended continued services for the children involved." OCCA's Summ. Op. [Doc. No. 15-1] at 4. The OCCA then concluded this portion of Petitioner's claim failed because "[c]ounsel is not deficient for failing to make meritless objections." *Id.*

In her R. & R., Judge Green determined this Court is bound by the OCCA's application of state law—a conclusion to which Petitioner does not object. *See* R. & R.

---

*Strickland* within this context—i.e., as it demonstrates that a "fairminded jurist[] could []agree on the correctness of the [OCCA's] decision." *Harrington*, 562 U.S. at 101.

7

[Doc. No. 18] at 25–26.  Instead, Petitioner's abbreviated objection appears to recite argument already contained in his brief: "[T]he legal determination made by the OCCA was unreasonable under the facts, as was its stated rationale that the vouching explained Pugh's skepticism of the recantation and the need for further services."[6]  Pet.'s Obj. [Doc. No. 19] at 16.

Petitioner is proceeding through counsel, so his filings are not entitled to liberal construction.  But to the extent Petitioner is attempting to argue the OCCA impermissibly distinguished *Lawrence*, his challenge misses the mark.  *See Coones v. Shelton*, 692 F. App'x 498, 500 (10th Cir. 2017) ("On appeal, the Kansas Supreme Court rejected Coones' argument, reasoning that the record contained the same foundational evidence held sufficient in *Schuette*.  Although Coones now contends that the Kansas Supreme Court's decision was an unreasonable application of *Schuette*, we are bound by the state court's determination of its own law." (citations omitted)).

Even if the Court were not bound by the state court's determination, it is clear the OCCA's application of *Lawrence* is reasonable.  Ms. Pugh's testimony does not "vouch

---

[6] "[A]n unreasonable determination of the facts does not, itself, necessitate relief."  *Smith v. Duckworth*, 824 F.3d 1233, 1251 (10th Cir. 2016) (quoting *Byrd v. Workman*, 645 F.3d 1159, 1172 (10th Cir. 2011).  Instead, AEDPA requires a habeas petitioner to "demonstrate that the state court's decision is 'based on'—i.e., 'rests upon'—that unreasonable determination of the facts." *Id.* (quoting *Byrd*, 645 F.3d at 1172).  Petitioner makes the blanket statement that the OCCA's resolution of his second sub-claim was "an unreasonable determination of the facts."  Pet.'s Obj. [Doc. No. 19] at 17.  But he does not show either that the OCCA "plainly misapprehended or misstated the record" or that the "misapprehension goes to a material factual issue that is central to [his] claim."  *Frederick*, 79 F.4th at 1104 (quoting *Menzies v. Powell*, 52 F.4th 1178, 1195 (10th Cir. 2022)).  Petitioner's lone reference to the legal standard does not entitle him to relief.

for the truthfulness or credibility of an alleged victim." *Lawrence*, 796 P.2d at 1177. On the contrary, her testimony explains that she ordered additional services to the home because she "wasn't convinced that [A.M.C.'s] recantation was the truth." R. & R. [Doc. No. 18] at 23 (quoting Tr. at 445).

The question for this Court is whether the OCCA unreasonably applied *Strickland* in light of the conclusion that Ms. Pugh's testimony was not improper vouching. Because counsel's objection to this testimony would have been overruled, the OCCA's application of *Strickland* was reasonable. *Cf. Coones*, 692 F. App'x at 500 (finding reasonable the "conclusion[]that trial counsel was not ineffective for failing to raise a meritless objection to the admission of [] photographs" where state supreme court determined photos were admissible). Petitioner is therefore not entitled to habeas relief on this theory.

### IV.   Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 18] is ADOPTED to the extent that it does not conflict with the reasoning provided herein, and the Petition [Doc. No. 1] is DENIED.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000). Upon review, the Court finds Petitioner has not made the requisite showing. The Court therefore DENIES a COA.

IT IS SO ORDERED this 15th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE